Good morning, again, Your Honors. Katherine Young from the Public Defender's Office for Defendant Gary Eugene McIntosh. Mr. McIntosh contends that his sentence should be reversed because the district court erred in denying his motion to suppress. The evidence against him is the result of an illegal search of a motel room in which Mr. McIntosh was an invited guest. The search was warrantless, non-consensual, and non-exigent, and was purportedly justified on the basis of a probationary status of a co-resident in the motel room. However, the police did not have the requisite probable cause that the probationer was actually a resident of the motel room, as is required under this Court's authority. May I jump in with a question right away? Thank you. I was really puzzling over this one. What's the basis for Mr. McIntosh to have Fourth Amendment standing to even raise Mr. Gross's Fourth Amendment rights under Rockets v. Illinois? He has standing as a he was an invited guest in the motel room. That's, I think, an undisputed fact. And as such, he has a Fourth Amendment right to object to the search of the motel room. But he's raising Mr. Gross's Fourth Amendment rights, right, that saying as a probationer the police didn't have probable cause to search the motel room because of Mr. Gross's standing, not because of his own? I think he can challenge the search of the motel room. And the only basis for the search of the motel room was Mr. Gross's alleged status as a resident, as a probationer and a resident of the motel room. And that's the basis on which he was challenging it. So how can he raise Mr. Gross's Fourth Amendment rights? I mean, Mr. Gross may have a 1983 claim that his Fourth Amendment rights were violated. But how can Mr. McIntosh raise those? I mean, Rockis v. Illinois is pretty clear that someone doesn't have standing to raise somebody else's Fourth Amendment rights. Well, Your Honor, below we were relying upon Minnesota, the case in which held that as an invited guest of the motel room, he had a Fourth Amendment right to be protected against unreasonable searches and seizures. And he was claiming that the police had no right to the search that was purportedly justified as a probationary search was not valid, and therefore. But as to him, doesn't Sampson say that the search of Mr. McIntosh is reasonable? He doesn't have any ability as a parolee to say that the search was unreasonable. So the only unreasonableness would have to attach to Mr. Gross's rights in the hotel room. How can Mr. McIntosh say that the search of him was unreasonable? Well, I think he's saying just that the entry into the motel room was unreasonable. And he, as someone who had a right under Minnesota as an invited guest of the motel room, had a right to challenge that entry into the motel room. But doesn't Sampson say that he does not, the new Supreme Court case? I'll have to look at that, Your Honor. Your Honor, that wasn't raised below. It was my understanding that, in fact, it wasn't challenged because it was understood that as an invited guest of the motel room, he had the right to a Fourth Amendment right to challenge the search. If you'd like, I'll look at that case and submit an additional briefing if the Court would like. I don't have any trouble with you submitting an additional briefing because I had that as an issue that I was going to talk to you about as well. Okay, thank you, Your Honor. It didn't seem to come up someplace else, but it seemed to me to be the first thing we'd have to look at. Yes, thank you, Your Honor. I'll be glad to address that then. I also worried about this. You know, it seems to me that the briefings are all set on whether there was a reasonable or there was probable cause that this be the residence of Mr. Gross, and that we're talking about permanent residence or temporary residence or all of that. But it seemed to me like everybody agrees that Mr. Gross was on probation, correct? That's correct. Everybody agrees that before the police went out to find Mr. Gross, they checked the probation records to see what kind of probation that he was on, which he was on a probation which would require him to be searched for cause or without cause under California, under his probation terms. Then, it seems to me that when they got out there, he was walking in and out of a room where they had had some pretty good information about someone was in there might have been in possession of stolen property. In other words, it was a room 256. It may not have been the right hotel room. That Gross had blonde hair. He'd shaved it from the previous day. There was a large sum of $20 bills which he'd used or which he showed the people that they said there was a supremacist who was there just out of jail who had also shaved his head, and they'd ID'd him from a photo. Okay, so you've got this probationer. He's on terms and conditions of probation. They can cause, search for cause or no cause. Now, it seems to me that at this point, when we go back to the case law from the Supreme Court, when nights, we're not looking about probable cause. We're only talking about reasonable suspicion. If you've got a probationer who has this kind of a situation, and we have reasonable suspicion that he might be involved in whatever he is, and we see him walking in and out of the room, and the cops just come up and kick the door and say, let me in, and they open up the door, and when they open up the door, the smoke belches out, and there's the equipment that's sitting there in the door, and then they say, get out here, and they all get out, and then they recognize the guy who we're talking about, McIntosh. It seems to me everything they've done for Gross, given that he was on probation, not going to reasonable, probable cause that this is his resident, but just to get to the, he's on probation. Night says we have reasonable suspicion he might be used on something, might have been involved in a crime as well. They have every right to go to there and knock on the door, and then when they open the door, and the smoke belches out, and the equipment's in there, then they call them all out, they arrest them, and they find your client, McIntosh. At that point, we've got more than enough to go in and search that place, because we don't even have to search it on it being a residence. We can search it on other grounds. So how do we get to this problem? That's another situation which is outside where we're going. Well, because before they get to the point where they can pound on the door with their feet and demand that people enter the door, they have to have probable cause to believe that something's going on. They don't need probable cause under night. All they need to have is a probationer in California with reasonable terms and conditions, which is you can search me with cause or without cause, and a reasonable suspicion that he might be involved in something that's wrong. And they already know. There's a guy in there that looks like the guy that's on the bank thing. He had $20 bills that he was passing around. He's there. I mean, reasonable suspicion jumps up immediately. I'm sorry. The point I was trying to make was whether it's reasonable suspicion or probable cause, the fact that they have it means that there's a residence. The motel room is a residence. So they have to find that it's his residence if they enter it. Otherwise, they have to go get a warrant. Even if they've got probable cause or reasonable suspicion to believe something's going on inside a residence,  Well, my problem is that Judge Ikuda's comments are very good as it relates to your client and what that client needs to have as a parolee. Then the only argument we have really is, first of all, can the parolee assert the probationer's right? Second, why can't the probationer be, why can't they go knock on the probationer's door at that point, given what they've got, and once they get him outside, they find from view of your client that your client is the guy. At that point, wherever he is can be searched. But since it's a residence, they have to have some basis for pounding on the door. Either it's, if it's a probationer search, that basis has to be that they believe that residence is the probationer's residence. Otherwise, they have to get a search warrant. Unless there's exigent circumstances, there's consent, none of that obtained here. There was consent. No. Consent by gross is automatic because he's a probationer. But only. But the consent doesn't operate on its own. We now have reasonable suspicion plus that consent, which Knight says, the Supreme Court, that's enough. But only if it's his residence. They have to believe, have probable cause to believe that it's his residence to pound on the door and demand entry. That's my point. Otherwise, they have to go get a search warrant. And that's what, they didn't have any exception to the search warrant requirement in this case, and they didn't, they relied solely on the basis of his probationary status. But to validly rely on that, they had to have a probable cause to believe that he resided in the motel room, which we're claiming they did not have. Thank you. I'll reserve my 10 seconds for rebuttal. I'm sorry that I interrupted you like that because I'd like to give you full opportunity. Good morning, Your Honors. May it please the Court. Rosalyn Wayne for the United States. I'd actually like to place this case in sort of the general bigger picture framework because I, it appears there's some confusion as to the relation of this case versus Samson and Knights. Going back a bit, as Judge Smith has said, in California, the probationer agrees to warrantless searches of his person and his residence, as opposed to remaining in custody as this sort of bargain with the state. Samson says essentially that because he's a probationer, you don't need an individualized suspicion. You can go up to the probationer and search his person at any time. Where Motley fits into this is that, yes, you can search the probationer and his residence, as long as you have probable cause to believe that it is his residence. Now, Motley was a 1983 claim raised by the person whose residence it was. Exactly. That doesn't seem to be on point at all. Well, this group of cases, Howard, Motley, and everything, the reason there is this probable cause requirement is not to protect the rights of the probationer.  The point of all these cases is to protect the rights of the third-party homeowner, the innocent homeowner. But how does the non-innocent homeowner have Fourth Amendment standing to raise that innocent homeowner's Fourth Amendment rights? Under August v. Illinois, you can only raise your own Fourth Amendment rights. Well, in this case, it would be Jessica Duncan. While the defense would contend she's the resident, she's the one who would be raising the rights. So if it went to a 1983 action, it would be Duncan raising the claim. I mean, she's the equivalent in that case. In this case, you have probable cause that Ethan Gross is her co-resident in the hotel room, and that's where all of this fits together in that picture. So Mr. Gross may have some Fourth Amendment claims which may or may not be viable, but I don't understand how Mr. McIntosh has those claims. The basis, very generally as I understand it, was that defendant had standing to challenge the search as a whole and therefore could challenge the basis of that search. As to whether defendant himself could have consented to search the room, no, he would not have been able to consent to search as a guest. So one of the problems with the case law is that they all discuss this idea of a house residence, and they don't discuss the situation of a hotel residence where typically nobody goes to stay permanently, and they only stay one or a few nights on a temporary basis. However, again, the easiest way to think about this resident versus visitor distinction is to compare it to who can give consent to search. And the resident can give consent to search. The resident can exclude people from the hotel room, whereas the visitor can only consent to search his specific items in the room. What's the appropriate standard for probable cause for a temporary residence such as a hotel room? Because all of the cases that were cited are about your home base, your permanent residence, clearly a much higher standard than would be for a hotel room. What do you think are the appropriate factors for hotel room searches for probable cause? Unfortunately, there's no actual definition of residence, but it is a common-sense approach. The same way you would, again, the easiest way to think of it was, was Jessica Duncan a resident of that hotel room? If you did a warrantless search of that hotel room, would her rights have been violated? And in that case, yes. I don't think there's any dispute that she was a resident, albeit a temporary one, of that hotel room. How about Mr. Gross? I mean, it wasn't registered in his name, but that frequently happens that one person will sign the registration card and not the other. Absolutely. And an analogy to that would be the title on a house. It doesn't matter whose name is on the title of a house. You can still have more than one resident in that house who are all co-residents who can all equally give consent to search the house. So then it becomes, was there probable cause to believe that Ethan Gross was a co-resident of a house just the same as Jessica Duncan? And the answer to that question is yes, because we have a reliable information given by a quasi-informant that there's a couple staying in the room, that it's Jessica Duncan and Ethan Gross. And, again, it's a reasonable basis standard for probable cause. So the officers did have a reasonable basis to believe that Ethan Gross was a co-resident of that room. Counselor, if I determine that there is no probable cause that this was the residence of Mr. Macintosh or, excuse me, of Mr. Gross, then does Macintosh win? If there were no probable cause, then yes, because there would have been no basis for the police doing a probationary search. Let me ask you this. When Gross comes out of the room, they call them all out, order them out. They put them in handcuffs, and then they recognize Macintosh. They have not made any search at that point, have they? Actually, they have, because when the officers knock and they demand entry, that itself is a search. And the case type is a U.S. v. Windsor, which is a Ninth Circuit case. So as soon as you knock and demand entry, that itself is a search. Okay, so just to knock on the door and have them open it and peer in is enough. That's correct, Your Honor. So at that point, you're suggesting how would, and I'm just going to lead you a little bit, how would one search Gross under California probation statutes or probation terms and conditions with a reasonable suspicion? You would have a reasonable suspicion. Well, again, California doesn't require the reasonable suspicion after Sampson. Sampson really requires that he be on probation. Well, Sampson really deals with parolees. That's correct, Your Honor. Not probationers. That is correct. And in fact, the Supreme Court went all around not quite to get to probationers, and the only one that deals with probationers is Knight, isn't it? And Knight deals with an idea where, under California law, someone was on probation with reasonable terms and conditions of probation and there was somebody with a reasonable suspicion that that probationer was doing something that they shouldn't have been doing and therefore a search occurred. That's correct, Your Honor. How is that different from here? How it would work in this case would be that Ethan Gross, being a probationer, if he walked down the street and the officer had reasonable suspicion to believe that he had committed a crime, he could go up to him and search his person. If Ethan Gross was in a hotel room and there was reasonable suspicion that he had committed a crime and there was probable cause to believe that it was Ethan Gross' staying in that hotel room as opposed to merely visiting someone else's hotel room, then they would have probable cause to search that room. So if the police came to the hotel room and saw him walking in and out of it, but he might be a mere guest, the fact that they go up and knock on the door, foot or hand, and demand them to open, they have no way to do that? Well, the difference in this case is that you do have an informant saying that it is Ethan Gross' hotel room along with his girlfriend, Jessica Duncan, and the district court did make a credibility finding that that information was credible and reliable and the standard for this court when reviewing that district court's determination is clear error. So the district court did find that it was Amy Chinnery who gave that information. All of her information was corroborated as to the essential facts of her statement, as in the $20 bills taken from the robbery, the room number, the location of the inn, and the description of the occupants inside the room. All of those facts were corroborated, and then the officers go and they do surveillance at the hotel. They see at that hotel, at that same room number that she said, Ethan Gross coming in and out of that room. So it is corroborated, reliable information, and as the district court found, that became a basis for probable cause. Thank you. Thank you very much. Just very briefly, I wanted to address one of the prosecutor's comments about how all the information of Ms. Chinnery was corroborated. In fact, the information for our purposes is information with respect to Mr. Gross' status as a resident, and all of that information was false. It's notable that she was intoxicated. She was trying to exculpate herself. She gave false information. She said that Jessica Duncan and Ethan Gross had rented the room. We know that's not true. Had the police checked the motel registration, they would have seen that Ms. Duncan rented the room and were the only ones staying there. We also know that's not true because Mr. McIntosh was also staying there. She also said the car she was driving was Mr. Gross' and we also know from checking the records that's not true. And I just wanted to also reiterate, as the prosecutor said, once the police knocked on the door and demanded entry, that was a search. Thank you. This case is submitted.
judges: Nelson, Ikuta, Smith